IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTONIO MEZA-SAYAS, ) | |
| ) | |
| Petitioner, ) | Case No. CV-04-375-S-MHW |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| JEFF CONWAY, Warden, Idaho ) | |
| Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court is Respondent's Renewed Motion for Summary

Dismissal (Docket No. 27).  The Court previously determined that Petitioner's Petition

was filed approximately three years past the statute of limitations expiration date, and it

provided Petitioner with an opportunity to show any circumstances warranting equitable

tolling.  The Court appointed Teresa A. Hampton as counsel for Petitioner.

---

[1]Conway replaces former Respondent State of Idaho. *See Amended Complaint* (Docket No. 26).

MEMORANDUM ORDER  1

Petitioner has filed an Amended Complaint (Docket No. 26), reflecting that the proper respondent is Jeff Conway.  Having reviewed the briefing of the parties and the state court record, the Court enters the following Order conditionally denying Respondent's Motion to Dismiss and setting an evidentiary hearing in this case.

## I.

## MOTION TO DISMISS

**A.    Background**

Petitioner brings the following cognizable claims in his federal Petition: (1) ineffective assistance of counsel for failure to file a direct appeal, and (2) lack of  a voluntary, knowing, and intelligent plea because counsel misled him into believing that his sentence would be ten years.  *See Amended Petition* (Docket No. 26).

The history of Petitioner's case is as follows.  Petitioner asserts that he asked his counsel to file a direct appeal, but counsel did not.  Petitioner filed a Rule 35 motion to correct sentence, which was denied.  He filed a state post-conviction application, in which he raised the same or similar claims.  His post-conviction application was denied as untimely.  He filed an appeal, and the Idaho Court of Appeals affirmed denial.  The Idaho Supreme Court denied his petition for review on April 27, 2004.

Petitioner also asserts that he has a third motion for correction of sentence appeal pending before the Idaho appellate courts, the subject of which is that his guilty plea was not entered into voluntarily or knowingly.  Because it does not appear from the history of

MEMORANDUM ORDER  2

this case that relief would be granted, the Court shall consider the claim exhausted and continue this action rather than stay it to await the judgment of the Idaho appellate courts.

## B.      Standard of Law for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

## C.   Equitable Tolling

To establish entitlement to equitable tolling, a litigant bears the burden of proving (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).  In *Pace*, the petitioner argued that "'state law and Third Circuit exhaustion law created a trap' on which he detrimentally relied as his federal time limit slipped away."  *Id*. at

---

[2]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

1814-15.  The Supreme Court declined to address this theory, determining, "[e]ven if we were to accept petitioner's theory, he would not be entitled to relief because he has not established the requisite diligence."  *Id*. at 1815.

On the diligence issue, the *Pace* Court determined that the petitioner had not acted diligently because he had "waited years, without any valid justification," to bring his PCRA claims in state court, and then he waited "five more months after his PCRA proceedings became final before deciding to seek relief in federal court."  *Id*.

The Ninth Circuit has held that attorney negligence in miscalculating the statute of limitations is not a basis for equitable tolling.  *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).  However, sufficiently egregious attorney misconduct may be grounds for equitable tolling.  *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003).

In *Spitsyn v. Moore*, equitable tolling applied where an attorney was retained to prepare and file a habeas petition, failed to do so, and disregarded requests to return files pertaining to the case until well after petition as due; the case was remanded to inquire regarding petitioner's diligence in ultimately filing petition (*See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir. 2001)).  In *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003),[3] the Court noted: "There are no cases in this circuit determining whether an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of 'extraordinary circumstances" for purposes of equitable tolling.'"

---

[3]reversed on other grounds by *Pliler v. Ford*, 542 U.S. 225 (2004).

*Id.* at 1107.  In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Court remanded the case to allow the district court to determine whether Battles' argument that his counsel would not give up his transcripts, causing his habeas corpus petition to be late, would support equitable tolling; however, neither the *Ford* nor *Battle* court determined that failure of counsel to provide transcripts could support equitable tolling.  *See Battles*, 362 F.3d at 1199; *Ford*, 330 F.3d at 1107.

**D.      State-Created Impediment**

The "state-created impediment" argument arises from 28 U.S.C. § 2244(d)(1)(B), which provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (*en banc*), the Ninth Circuit Court held that the inadequacy of a prison library – particularly, the unavailability of a copy of AEDPA – could constitute an impediment to filing under § 2244(d)(1)(B). In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), the petitioner argued that the prison's failure to provide a copy of AEDPA caused him to miss his statute of limitations. The State argued that because it had taken no affirmative action, there could be no "state created impediment."  The Fifth Circuit Court disagreed, holding:

> [T]he State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order

to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations, is just as much of an impediment as if the State were to take "affirmative steps" to prevent the petitioner from filing his petition."
* * *
Accordingly, a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render Egerton's petition time-barred, constitutes an "impediment" for purposes of invoking § 2244(d)(1)(B).

*Id.* at 438.

In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), the Court noted: "The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials."  *Id.* at 1087 (referencing *Whalem/Hunt* and *Egerton*).

**E.     Discussion**

      1.     <u>Petitioner's Position</u>

Petitioner asserts that equitable tolling should be applied because the cause for failure to file the post-conviction action was denial of counsel by the court, notwithstanding the court's earlier order that counsel would be appointed as a matter of right in a post-conviction matter.  *See Exhibit 1, Notice to Defendant* (Docket No. 26). Petitioner argues that he was entitled to counsel for post-conviction review under Idaho statutory law.  Under the then-existing statute, an indigent defendant was entitled to counsel for post-conviction proceedings.  *See* I.C. § 19-852(b)(3) (1997 ed.).

MEMORANDUM ORDER  6

Petitioner alleges that several different counsel and the state court ignored his requests for help in obtaining his transcripts during the post-conviction statute of limitations time period. Petitioner argues that his letters to counsel and the court should have been construed as requests for appointment of counsel. Petitioner argues that the Idaho Court of Appeals has held it was reasonable for a petitioner to assume that where counsel was provided in a criminal proceeding based upon indigency, counsel will be provided at the post-conviction stage if requested and the right exists. *Henderson v. State*, 123 Idaho 51, 53 (Ct. App. 1992).[4] Dismissing a claim without further inquiry into the potential for appointing counsel to assist the pro se petitioner was error. *Henderson*, 123 Idaho at 53.

2.   <u>Respondent's Position</u>

Respondent counters that the Idaho Court of Appeals found that it was not necessary for Petitioner to obtain his file from counsel prior to filing a post-conviction petition. *See State's Exhibit D-6*, pp. 3-4. Respondent argues that his letters to counsel and the state court were not requests for appointment of counsel and did not make a requisite showing of necessity for the appointment. Respondent concludes that Petitioner has failed to demonstrate that the late filing of his habeas petition was due to a state-created impediment or due to an extraordinary circumstance beyond his control that made it impossible to file his petition on time.

---

[4]*Henderson* was later superseded by statute, not pertinent to Petitioner's case.

MEMORANDUM ORDER  7

3.    Timeline of Events

A timeline of the pertinent facts is as follows.

March 7, 1997        After a guilty plea, Petitioner is sentenced to thirty years to life for
                     his conviction of first degree murder. *Petitioner's Affidavit*, at ¶ 1
                     (Docket No. 26).  During the criminal case, Petitioner uses an
                     interpreter.  Petitioner alleges that he is unable to understand, read,
                     write, or speak English. *Petitioner's Objection and Affidavit*, at ¶ (a)
                     (Docket No. 23).

March 7, 1997        Through the interpreter, Petitioner orally requests that his counsel,
                     Van Bishop, file a notice of appeal for Petitioner.  Petitioner alleges
                     that Bishop stated he would file the notice of appeal. *Petitioner's
                     Affidavit*, at ¶¶ 3-5 (Docket No. 26).

July 22, 1997        Petitioner writes to trial co-counsel Maureen Cassidy to find out the
                     status of the appeal. *Exhibit 2 to Petitioner's Affidavit*.

August 11, 1997      Petitioner requests a copy of his file from Attorney Bishop,
                     specifically noting that Petitioner was interested in filing a post-
                     conviction action. *Exhibit 3 to Petitioner's Affidavit*.

November 28, 1997    Petitioner sends another letter to Bishop requesting a copy of his file,
                     noting that the deadline for filing a post-conviction is "fast
                     approaching." *State's Exhibit C-1*, at p. 9.

December 14, 1997    Petitioner sends another letter to Bishop requesting his file for
                     purposes of preparing a post-conviction action. *Exhibit 3 to
                     Petitioner's Affidavit*.

unknown date         Attorney Bishop sends a note to Petitioner telling him that his file
                     has been transferred to Attorneys Wiebe & Fouser. *Petitioner's
                     Affidavit*, ¶ 11.

January 29, 1998     Petitioner sent a letter to the state trial court requesting a copy of his
                     file and stating, "I am hoping to file a Post-Conviction Relief and I
                     will need to obtain the help of another inmate," explaining that he
                     did not speak or read English that well.  Petitioner also notified the
                     court that Attorney Bishop "has ignored my every request," and that
                     the new attorneys, Wiebe & Fouser, also ignored his requests.  "Is

MEMORANDUM ORDER  8

there anything at all you can do to help me?  My time limit for filing is running out or possibly gone," Petitioner wrote.  *Exhibit 4 to Petitioner's Affidavit.*

| | |
|---|---|
| January 29, 1998 | Judge Weston forwards copies of Petitioner's letter to the court to Attorneys Bishop and Wiebe & Fouser, but made no response to Petitioner.  *State's Exhibit C-1*, at p. 44.  There is also a note by the court to tickle the case for March, but nothing further was done on the case. |
| April 19, 1998 | Deadline for the post-conviction petition. |
| July 28, 2000 | Petitioner files a Rule 35 motion for reduction of sentence pro se and requests counsel. |
| August 8, 2000 | Attorney Sullivan, Canyon County Public Defender, is appointed for Petitioner on the motion for reduction of sentence. |
| October 23, 2000 | Motion for reduction of sentence is denied. |
| December 7, 2000 | Petitioner files his post-conviction petition through Attorney Sullivan. |
| February 13, 2003 | Petitioner's post-conviction case is dismissed as untimely.  *State's Exhibit C-1*, at p. 43.  The court notes that Petitioner did not request appointment of counsel for his post-conviction case, that Petitioner acknowledged in his January 29, 1998 letter that he was aware of the filing deadline, and that Petitioner's letter demonstrated his ability to read and write in English.  No evidentiary hearing was held. |
| June 17, 2004 | Canyon County Public Defender wrote back to Petitioner and told him that they would not provide copies of the file unless he paid $.50 per page for the 400-page file (a cost of $200.00), noting that they do not waive copy charges for indigency.  *Exhibit A to Petitioner's Objection to State's Motion for Summary Dismissal & Supporting Affidavit* (Docket No. 18). |
| July 21, 2004 | Petitioner files his federal Petition and still has not received a copy of his state case file from any source. *Petitioner's Supporting Affidavit*, at ¶¶ 3-6 (Docket No. 18). |

MEMORANDUM ORDER  9

4.    <u>Analysis</u>

The parties' evidence and briefing have raised enough questions that the Court will hold an evidentiary hearing on the issue of whether Petitioner is entitled to equitable tolling or whether the state-created impediment statutory provision applies.  Attorney Bishop's brief note to Petitioner that his file had been forwarded to new attorneys is enough to have led Petitioner to believe that new attorneys had been appointed for him. The new attorneys failed to respond to Petitioner's inquiries.  The state court failed to respond to Petitioner regarding his plea for help in compelling his attorneys to act.  The court noted for itself that it would review the file again in March, one month before the deadline.  The state court did nothing further on the case.  The state court did not hold an evidentiary hearing before making its decision in the post-conviction action.

After the statute ran, there is a two-year gap in time.  It is unclear what Petitioner was doing during this time period.  Some of the questions remaining in this case are whether a litigant is entitled to a response to his urgent inquiry from the court, how long that litigant should wait for the response before following up, and whether it is justified for a litigant to simply "give up" if he cannot obtain a response from his attorneys or the court.

Because it appears that Petitioner has raised sufficient evidence of extraordinary circumstances to warrant an evidentiary hearing, the Court will conditionally deny Respondent's Motion to Dismiss (Docket No. 27).  The parties may conduct discovery related to equitable tolling issues.  All discovery shall be completed on or before June 30,

MEMORANDUM ORDER  10

2006.  Within ten (10) days after receiving this Order, counsel for the parties shall call the Courtroom Deputy, Anne Lawron, at 334-9387, to arrange a date and time for an evidentiary hearing in July or August 2006.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 27) is conditionally DENIED.

IT IS FURTHER HEREBY ORDERED that the parties may engage in discovery limited to the issue of equitable tolling, until June 30, 2006.

IT IS FURTHER HEREBY ORDERED that within ten (10) days after receiving this Order, counsel for the parties shall call the Courtroom Deputy, Anne Lawron, at 334-9387, to arrange a date and time for an evidentiary hearing in July or August 2006.

DATED:  **March 6, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER  11